JERRY HINES et al. v. D. C. JONES et al.

Church Property — Dedication — Deed of Trust — Use — Legal Title — Trustees — Combination — Worship — Control — Abandonment by Part of Congregation — Rights of Those Remaining.

The lot was conveyed to the trustees for the purpose of having a church built thereon for the use and benefit of the congregation for the purpose of worship.

The trustees were only invested with the control, and in nowise vested with a legal title or the right to sell the property.

It does not follow that after a majority of the original congregation had abandoned the use of the property, having left some of the original numbers there to worship in the old house, who continued to worship there, and being of the same persuasion, they could not be ousted by the trustees.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 20, 1867.

OPINION OF THE COURT:

This is a controversy as to church property between two free colored congregations of the Baptist Church. May 7, 1833, Berry Stansberry conveyed the lot of ground in contest to Henry Smith, a free colored man and minister of the Baptist Church, for the valid

> " consideration of the good opinion which he (vendor) entertains of the said Henry's piety and usefulness as a Baptist preacher and one dollar.
>
> " To have and to hold the said piece of ground the said Henry Smith and his heirs forever and the better to enable the said Henry to devote a sufficient portion of his time from his domestic labors to the preaching of the Gospel of Jesus Christ to his black brothers and for the purpose of erecting a house of worship for the regular negro Baptist association."

August 1, 1834, said Henry Smith conveyed said lot to Benjamin Duke and the elder Jerry Semple, free men of color, and their heirs and assigns forever, in consideration of $150. " Upon the trusts and to the uses and purposes following and no other."

> " 1. That the said Duke and Semple, and their heirs and assigns, shall hold the title to the uses and purposes of the Baptist congregation of persons of color in and near the city of Louisville for the purpose of building a church thereon in which the said congregation may perform Christian worship.
>
> " 2. That the said congregation of Christians may, and shall have a right to build a church on said premises for said worship which shall not be *applied or appropriated to any other use or purpose whatever without*

*the consent of the trustees of said congregation of Christians.*

" 3. That the said ground shall, and the church which shall be built thereon shall be under the *superintendence, custody, and control* of the said *Duke, Smith, Semple, Nelson Anderson, and Jerry Drummond, the present trustees of said congregation, or a majority of them, and such other trustees that shall be appointed by the same congregation or a majority of the trustees forever."*

The other provision refers to taxes, etc. It is averred in the plaintiff's petition that Duke and Semple died many years since.

Waiving any inquiry as to whether the second use and trust declared did not forever dedicate the ground for church purposes with a prohibition to use it for school or any other purpose save by the consent of a majority of the trustees, and that it was only intended by their consent to permit it to be used for such purposes in connection with the purposes of worship and in no event to prevent it from the latter purpose. It is very clear that said trustees were only invested with a superintendence and control and in nowise vested with the legal title or the right to sell the ground.

If the ground could in any event be sold and converted to any other use than for the worship of a Baptist congregation of colored persons, which we by no means intend to intimate could under any circumstances be done, it is very clear that only Duke, the elder, and Semple or their heirs could sell or convey the title.

Conceding to the trustees of the first congregation of African Baptists now worshiping at their house on Fifth street in Louisville the superintendence and control of this ground for the purposes and uses declared in the deed, it does not follow that, after a majority of the original congregation had abandoned the use of the lot and house in controversy, and removed to the house on Fifth street, having left some of their original members still to worship in the old house, and after more than twenty years absence from said house, and the present congregation having regularly organized and continuously worshiping there from ten to fifteen years, and being of the same persuasion that they could be ousted by said trustees of the Fifth Street Church.

Whatever may be the true construction of the uses and trusts of the deed to Duke and Semple, should they or their heirs desire

to sell and convey the property by the consent of the majority of trustees of the present Fifth Street Church of Colored Baptists, until they desire to do so and altogether desire to convert it to some other use the said trustees cannot oust the present congregation worshiping there, however they may superintend and control the property for this or other purposes.

Wherefore, the judgment is reversed with directions to dismiss plaintiffs' petition without prejudice.